UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES P. SHAFFER | : | NO.: |
| Plaintiff, | : | |
| vs. | : | |
| CIGNA GROUP INSURANCE, d/b/a LIFE INSURANCE COMPANY OF NORTH AMERICA d/b/a CIGNA GROUP INSURANCE | : | **COMPLAINT** |
| Defendants. | : | |

AND NOW COMES, the Plaintiff, James P. Shaffer and by his attorneys, Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, P.C., files the following civil action under ERISA, and avers:

1. The Plaintiff, James P. Shaffer, is an adult individual now residing at 13 Ridgewood Drive, East Stroudsburg, Pennsylvania 18301.

2. The defendant, Cigna Group Insurance is doing business for LINA, as an insurance company authorized to do business in the Commonwealth of Pennsylvania, with a principal office at Group Life and Disability Coverage Unit, P250, Post Office Box 22325, Pittsburgh, Pennsylvania 15222-0325.

3. The Defendant, Life Insurance Company of North America has a place of business at 1601 Chestnut Street, Philadelphia, Pennsylvania 19192-2235 and operates under the Cigna name in Pennsylvania.

## FACTUAL BACKGROUND

4. Plaintiff, James P. Shaffer, age fifty-nine (59) was employed by Federal Express as a driver.

5. At all times material herein, the Plaintiff was covered by a long term disability policy FLK-0980042 issued to the Plaintiff's employer by Cigna Insurance Group, underwritten by Life Insurance Company of North America.

6. Upon the expiration of his six (6) month short term disability, Plaintiff became eligible for long term disability and submitted a claim to Cigna Insurance Group (LINA).

7. Cigna/LINA paid long term disability benefits to Plaintiff for a period of time until September 2015, when Cigna/LINA advised that although Plaintiff could not return to the work force at his time of disability job, that he could return to work at a purported job at an index salary which would render him "not disabled."

8. Plaintiff appealed Cigna/LINA's decision and his appeal was finally decided on January 26, 2017. (See denial letter attached as exhibit "A")

9. Plaintiff was initially receiving benefits under Cigna/LINA's long term disability policy at the rate of approximately $3,517.00 per month in the beginning. With LINA's help the Social Security Administration granted Plaintiff's application and awarded him disability benefits with a disabling date of November 1, 2013. In accordance with the Plan's provision coordinating benefits with Social Security Payments, Cigna/LINA's liability was reduced by $1,984.00 per month which was paid through September 1, 2015, in the amount of $1,533.00 per month rate.

10. Plaintiff believes, and therefore avers, that he suffers from a complicated medical history which prominently includes spinal surgeries, more specifically, L2-L3 Laminectomy,

Cervical Spinal Fusion C3-C7. Furthermore, Plaintiff has recently been notified that the right C7 pedicle screw, entire left C6 and C7 pedicle screws are loosened and/or broken; surgical intervention is necessary to repair those screws. The Plaintiff has not worked since November 1, 2013. Long term disability benefits were improperly terminated in September 2015, after the insurance company erroneously determined that Plaintiff was capable of purportedly returning to "sedentary work" capacity at a job theoretically available at 60% of his past earning limit.

11. Although the Plaintiff received long term benefits through September 2015, the Defendant carrier and employer maintained that he is now suddenly improved in an effort to escape its responsibility for the long term disability benefits under the policy.

12. The Plaintiff believes, and therefore avers, that as a result he is entitled to receive continued benefits up to the maximum under the policy of insurance for which he was a beneficiary of at least what he had previously been receiving to wit, $1,533.00 per month, or a greater amount, if it is so provided under the policy based upon his income, and the percentage of benefits under the long term disability policy available to him, together with cost of living adjustments.

13. Plaintiff believes, and therefore avers, that the decision of Cigna/LINA by its decision letter of January 26, 2017 is an erroneous, arbitrary and capricious conclusion that the medical evidence submitted lacks sufficient medical support to substantiate the continuing long term disability, and that the Plaintiff was capable of performing at least sedentary work, and that the jobs within his limit capacity are vocationally available.

14. Plaintiff believes, and therefore avers, that to this day he continues to treat with physicians who have opined that he is incapable of performing not only his past work, but any work for which he may be medically and vocationally suited.

15. Defendant performed a personal surveillance of Plaintiff in an effort to find some basis to avoid liability but the report was negative.

## BASIS OF THE CLAIM

16. In accordance with the Cigna/LINA policy of insurance issued by the Defendant, Cigna, the Claimant is qualified for long term disability benefits as an individual who has sustained either a physical or mental condition due to an injury or sickness that prevented him from performing the essential functions of the job that he was qualified to hold either at the time of illness, or thereafter any job for which he might be medically and vocationally suited with 60% of his former salary limits.

17. The medical evidence clearly submitted by the Plaintiff establishes his right to continued disability benefits as they have been paid in the past, and Plaintiff is unable to perform the material and substantial duties of his regular occupation, truck driver, or for any other job that he may be vocationally or medically suited with earnings of 60% of his salary base.

18. The Defendant has claimed that the medical and vocational evidence is insufficient to support Plaintiff's contention that his ability to perform essential functions of a job has been impaired.

19. Plaintiff claims monthly benefits under the Long Term Disability Policy of at least $1,533.00 per month from September 1, 2015, and continuing until expiration of coverage under this policy at "normal retirement age" averred to be age 67.

20. This action is brought pursuant to the Employee Retirement Income Security Act (ERISA) 29 U.S.C. §1132(a)(1).

21. The policy and plan documents do not give "discretionary" authority to Cigna and the scope of review is subject to "de novo" review by the court.

### COUNT I – (ERISA)

22. Paragraphs 1 through 21 of the Complaint are made part hereof as a Count as if alleged in its entirety.

23. ERISA provides that a participant of an ERISA plan like Federal Express' plan with the Cigna insurance policy may bring direct action against the Plan to recover benefits due to the participant. 29 U.S.C. §1132(a)(1).

24. Your Honorable Court has jurisdiction in this matter pursuant to 29 U.S.C. §1132(e)(1) which empowers such actions to be brought in the federal and state courts.

25. Plaintiff believes the amount of benefits due to him has been improperly calculated in figuring the gross amount due, and the application of the social security offset, and claims an accounting, and the payment of the proper differential.

26. Plaintiff is entitled to continued long term disability benefits in accordance with the Plan for all of the reasons set forth as stated above.

   WHEREFORE, Plaintiff respectfully requests Your Honorable Court to:
   a. Find that the Plaintiff is "disabled" within the meaning of the Cigna Policy.
   b. Enter an Order directing that the Plaintiff is entitled to continued long term disability benefits in accordance with the terms of the policy.
   c. Award the Plaintiff all overdue long term disability benefits to which he is entitled under the terms and conditions of the policy.

d. Award the Plaintiff interest on any and all overdue benefits under the long term disability policy.

e. Award the Plaintiff reasonable costs and attorneys' fees to secure benefits in this matter, and benefits under 29 U.S.C.A § 1132(g).

f. Any other relief your Honorable Court deems necessary and appropriate under the circumstances to accomplish the appropriate reimbursement to the Plaintiff in this matter.

Respectfully submitted,

NEWMAN, WILLIAMS, MISHKIN,
CORVELEYN, WOLFE & FARERI, P.C.

By: _____

Ronald J. Mishkin, Esquire
Attorney ID NO. 14912
P.O. Box 511
712 Monroe Street
Stroudsburg, PA 18360
(570) 421-9090
Fax: (570) 424-9739

## **VERIFICATION**

I, James P. Shaffer, verify that the statements made in the foregoing Complaint are true and correct. I understand that false statements herein made are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

*/s/ James P. Shaffer*
JAMES P. SHAFFER